NUMBER 13-10-00109-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

JIMMY SANTIAGO ZAMORA,                                               
        Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                  
      Appellee.

                                                                     


 

On appeal from the 377th District
Court

of Victoria County, Texas.

                                                                     


 

MEMORANDUM OPINION

 

                        Before
Justices Yañez, Garza, and Benavides

                             Memorandum
Opinion by Justice Garza

 








A jury
convicted appellant, Jimmy Santiago Zamora, of unlawful possession of a
controlled substance, a third-degree felony.[1] 
See Tex. Health & Safety Code
Ann. '' 481.105, 481.118(b) (Vernon 2010).  The jury
sentenced Zamora to three and one-half years in the Institutional Division of
the Texas Department of Criminal Justice.  See Tex. Penal Code Ann. ' 12.22 (Vernon 2010); '' 12.34,
12.42(a)(1) (Vernon Supp. 2010).  The trial court certified Zamora=s right to appeal, and this appeal followed.  We affirm.

I.  Anders Brief

Zamora=s court-appointed appellate counsel has filed a motion to withdraw and
a brief in support thereof in which he states that he has diligently reviewed
the entire record and that Ahav[ing] researched the law applicable to the facts
and issues presented, if any, . . . it is [his] professional opinion no
reversible error is reflected by the record.@  See
Anders v. California, 386 U.S. 738, 744 (1967).  Counsel=s brief therefore meets the requirements of Anders as it
presents a professional evaluation showing why there are no arguable grounds
for advancing an appeal.  See In re Schulman, 252 S.W.3d 403, 407 n.9
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991) (en banc).

In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
[Panel Op.] 1978), counsel has carefully discussed why, under controlling
authority, there are no errors in the trial court=s judgment. 
Counsel has informed this Court that he has:  (1) examined the record and has
found no arguable grounds to advance on appeal, (2) served a copy of the brief
and motion to withdraw on Zamora, and (3) informed Zamora of his right to
review the record and to file a pro se response.[2] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3. 
More than an adequate time has passed, and no pro se response has been filed.

II.  Independent Review








Upon
receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous.  Penson v.
Ohio, 488 U.S. 75, 80 (1988).  We have reviewed the record and find that
the appeal is wholly frivolous and without merit.  See Bledsoe v. State,
178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) (ADue to the
nature of Anders briefs, by indicating in the opinion it considered the
issues raised in the brief and reviewed the record for reversible error but
found none, the court of appeals met the requirements of Texas Rule of
Appellate Procedure 47.1.@); Stafford, 813 S.W.2d at 509.  Accordingly,
we affirm the judgment of the trial court.

III.  Motion to Withdraw

In
accordance with Anders, Zamora=s counsel has filed a motion to withdraw.  See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408
n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.BDallas 1995, no writ.) (AIf an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant.  To withdraw from
representation, the appointed attorney must file a motion to withdraw
accompanied by a brief showing the appellate court that the appeal is
frivolous.@) (citations omitted)).  We grant the motion to
withdraw.

We further
order that counsel must, within five days of the date of this opinion, send a
copy of the opinion and judgment to Zamora and advise him of his right to file
a petition for discretionary review.[3]
 See Tex. R. App. P. 48.4;
see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

________________________

DORI CONTRERAS GARZA

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b)

Delivered and filed the

4th day of November, 2010. 

 









[1] The offense was enhanced by a
prior felony conviction.





[2] The Texas Court of Criminal Appeals has held that Athe pro se response need not comply
with the rules of appellate procedure in order to be considered.  Rather, the
response should identify for the court those issues which the indigent
appellant believes the court should consider in deciding whether the case
presents any meritorious issues.@  In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex.
Crim. App. 2008) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex.
App.BWaco 1997, no pet.)).





[3] No substitute counsel will be
appointed.  Should Zamora wish to seek further review of this case by the Texas
Court of Criminal Appeals, he must either retain an attorney to file a petition
for discretionary review or file a pro se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3, 68.7.  Any petition for discretionary review must comply
with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4.